IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GONSALVES, Ex. Rel.,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

NO. C05-5155 TEH

ORDER

This matter came before the Court on February 13, 2006, on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state any claims upon which relief can be granted. Plaintiff failed to appear in Court for this matter. Having carefully considered the parties' papers, the motion is GRANTED.

## I. BACKGROUND

Pro se plaintiff, John Gonsalves ("Gonsalves), filed a complaint on December 13, 2005 against defendant United States of America ("Government") seeking a declaratory judgment from this Court regarding his rights and liabilities relating to federal income tax.

In his complaint, Gonsalves alleges a myriad of claims. Gonsalves's major claim is that the Sixteenth Amendment, which gives Congress "the power to lay and collect taxes on incomes" was fraudulently and/or improperly ratified because the ratification process was not followed pursuant to Article V of the Constitution. Therefore, Gonsalves alleges, it is unclear whether he is required to file an income tax return or whether he is liable to being

taxed at all by the federal government. Gonzalves summarizes his claims for declaratory relief as follows:

    1) whether the Sixth Amendment was properly ratified;
    2) whether voluntary filing of an income tax constitutes a waiver of Fifth Amendment rights;
    3) whether Gonsalves is liable for income tax;
    4) whether filing a return which admits a tax liability deprives the petitioner of due process;
    5) whether wages constitute income under the Internal Revenue Code;
    6) whether there is any law which requires petitioner to file a return.

(*See* Plaintiff's January 27, 2006 opposition at 1-2)

On January 6, 2006, the Government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the ground that sovereign immunity bars action and 12(b)(6) for failure to state any claims upon which relief can be granted. Gonsalves filed an opposition to the motion on January 27, 2006. The Government filed a reply to Gonsalves's opposition on February 8, 2006. Gonsalves has not communicated with the Court since filing his opposition.

## II. STANDARD

For the purposes of evaluating a motion to dismiss, the Court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A court can dismiss a claim on the basis of a dispositive issue of law if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *See* Rule 12(b)(6) FRCP. Dismissal without leave to amend is appropriate only where the court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

2

# III. ANALYSIS

### A. SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. 2201(a) AND SOVEREIGN IMMUNITY

The Government argues that this court lacks subject matter jurisdiction over this complaint because the United States has not consented to suit and therefore sovereign immunity bars this action. *F.D.I.C. v. Meyers*, 510 U.S. 471, 475 (1994).

In this case, plaintiff seeks only declaratory relief. However, the Declaratory Judgment Act ("Act") bars declaratory relief pertaining to federal taxes: "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a) (emphasis added).

Applying the Act, the Ninth Circuit has stated that: "This Court, and other Circuit Courts, unanimously hold that under the specific terms of §2201 the courts have no jurisdiction to enter declaratory judgments with respect to Federal taxes." *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir. 1968); *see Ivey v. United States*, 1976 WL 1136 (E.D. Wis. 1976).

As a sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584 (1941); *Kansas v. United States*, 204 U.S. 331 (1907); *United States v. Lee*, 106 U.S. 196 (1882)*; United States v. Thompson*, 98 U.S. 486 (1878). If the United States does not consent, the court lacks subject matter jurisdiction, and the case must be dismissed. Here, Gonsalves has made no showing that the government, by statute or action, has consented to suit. Thus sovereign immunity bars this case against the United States, and the Court must dismiss for lack of subject matter jurisdiction.

## B. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As explained below, even if subject matter jurisdiction could be exercised over plaintiff's claims, and even if this Court accepted all of plaintiff's allegations as true, plaintiff's claims fail as a matter of law.

a. *Whether the Sixteenth Amendment was ratified.* (Claims 1, 3, and 6)

The crux of plaintiff's argument is that the Sixteenth Amendment was improperly and/or fraudulently ratified and therefore, the entire federal income tax system and code therefrom are undeterminable since both lack Constitutional authority.  Plaintiff bases almost his entire argument on a book that he submitted entitled *The Law That Never Was*, authored by Bill Benson.

The Supreme Court has held that the certification by the Secretary of State of the Sixteenth Amendment is binding on courts. *See Leser v. Garnett*, 258 U.S. 130 (1922). Moreover, plaintiff's argument in this case has been evaluated and roundly rejected on the merits by many circuits. *See United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991) (overturned on other grounds) ("[W]e have repeatedly rejected the claim that the Sixteenth Amendment was improperly ratified . . . One would think this repeated rejection of Benson's Sixteenth Amendment argument would put the matter to rest."); *see also*, *United States v. Sitka* (845 F.2d 43) (2nd Cir. 1988) (noting similar arguments as trivial and finding a political question); *United States v. Stahl*, 792 F.2d 1438, 1439 (9th Cir.1986) ("We conclude . . . that the sixteenth amendment has been ratified by the requisite number of states and has become part of the Constitution is conclusive upon the courts."); *Sisk v. C.I.R.*, 791 F.2d 58, 60-61 (6th Cir. 1986) (finding similar arguments meritless); *Knoblauch v. Comm'r Internal Revenue*, 749 F.2d 200, 201-02 (5th Cir. 1984) (rejecting the argument that the Sixteenth Amendment is in "nullity").

For these reasons, all of Gonsalves's claims based on arguments of either improper or fraudulent ratification of the Sixteenth Amendment fail to state a claim for relief.

b. *Whether voluntary filing of an income tax constitutes a waiver of Fifth Amendment rights or any other violation of due process* (Claims 2 and 4)

Gonsalves alleges that any legal authority requiring him to file a tax return would violate his Fifth Amendment rights against self-incrimination or due process.

The Supreme Court has held that "the right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931). It has also held that the requirement of an individual to file federal income tax returns does not violate the Fifth Amendment. *See United States, v. Sullivan*, 274 U.S. 259 (1927). This Court recognizes that there are circumstances where the Fifth Amendment can be invoked as a defense to filing a tax return. *See United States v. Garner*, 424 U.S. 648 (1976). In *Garner*, the Supreme Court held that a taxpayer could claim his Fifth Amendment privilege if the objections are made on the tax return and if the objection is justified by a fear of self-incrimination. *Id.* However, neither *Sullivan* nor *Garner* hold that the duty to file a tax return - in and of itself - infringes on a taxpayer's Fifth Amendment rights.

Given the above, this Court holds that filing a tax return does not violate Gonsalves's Fifth Amendment or due process rights. Accordingly, claims 2 and 4 fail to state a claim for relief.

c. *Whether wages constitute income*. (Claim 5)

Gonsalves also alleges that even assuming that the entire federal income tax system is constitutional, the law is unclear as to whether wages can be considered "income" under the Internal Revenue Code.

5

As a matter of law, wages constitutes income. *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). It is settled law that such a definition is constitutional. *Stelly v. Commissioner of Internal Revenue*, 761 F. 2d 1113, 1115 (5th Cir. 1985), *cert. denied*, 474 U.S. 851 (1985). *See* 26 U.S.C.61(a). *See also United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980). Accordingly, plaintiff's fifth claim fails to state a claim for relief.

## IV. CONCLUSION

In light of the above, it is HEREBY ORDERED that Defendant United States motion to dismiss is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated:   2/14/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT